UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


DONALD BALDWIN,

      Petitioner,

v.                                  Case No. 8:06-cv-549-T-23EAJ

SECRETARY, Department of Corrections,

      Respondent.

_____/


**O R D E R**

      Baldwin's amended petition (Doc. 8) for the writ of habeas corpus pursuant to 28

U.S.C. § 2241 challenges the revocation of 1,562 days of gain time.  The respondent

filed a response (Doc. 23), supported by numerous exhibits ("Respondent's Exhibit __"),

and Baldwin replied.  (Doc. 24)  The petition lacks merit.[1]

**FACTS**

      In 1991 Baldwin received a split sentence of seventeen years imprisonment

followed by five years probation for his second degree murder conviction.  After several

re-sentencings, in 2000 Baldwin was released on probation.  In 2002 the state court both

revoked probation and sentenced Baldwin to twenty-five years with credit for time

served.  Upon Baldwin's return to prison the Department of Corrections ("DOC")

---

[1] Baldwin's petition was originally transferred to the United States District Court for the Southern District of Florida, which denied the petition.  The circuit court remanded and directed the district court to transfer the case to this court.  This case was re-opened in late 2008, and the parties re-briefed the issues.

automatically revoked gain time earned before his release on probation.  A year later the DOC discovered that they erroneously failed to revoke 1,562 days of gain time, an error they immediately corrected.  Baldwin contends that the DOC violated his constitutional rights by revoking the additional gain time a year after his return to prison.

## DISCUSSION

Neither party disputes the DOC's authority to revoke gain time upon Baldwin's re-incarceration.  Also not disputed is the number of days revoked.  The only dispute is whether the DOC could unilaterally correct their error and revoke the additional 1,562 days of gain time.  Baldwin contends (1) that he acquired a protected liberty interest in the additional days, which the DOC could not revoke without affording him due process, and (2) that the DOC violated his ex post facto protections by retroactively applying an amended administrative rule.

Florida law authorizes (then and now) the revocation of gain time upon the revocation of probation and re-incarceration.  See Fla. Stat. ch. 944.28(1) (1989).[2] Baldwin erroneously relies on Hewitt v. Helms, 459 U.S. 460 (1983), and Olim v. Wakinekona, 461 U.S. 238 (1983), for the proposition that the use of "explicitly mandatory language" in a statute creates a protected liberty interest.  Sandin v. Connor, 115 U.S. 472, 481-84 (1995), both rejected Baldwin's argument, which depends on "[p]arsing the language of the" statute to find a protected liberty interest based on the use of "may" or "shall" when describing the discretion possessed by a prison

---

[2]  The statute in effect when Baldwin committed his crimes.  The statute was materially the same when the DOC revoked Baldwin's gain time.

- 2 -

administrator, and explicitly retreated from the line of reasoning in <u>Helms</u> and

<u>Wakinekona</u>.  Baldwin asserts no challenge to the DOC's authority to revoke gain time

upon re-incarceration.  The same authority existed the following year when the DOC

discovered their error.  Baldwin acquired no protected liberty interest based on the

DOC's mistake.  <u>See</u> <u>Vereen v. State</u>, 784 So.2d 1183, 1185 (5th DCA 2001) (rejecting

argument that inmate acquires a vested benefit from the DOC's administrative error in

not initially revoking all gain time).

Baldwin's <u>ex</u> <u>post</u> <u>facto</u> argument likewise lacks merit.  The DOC initially revoked

gain time pursuant to Section 944.28(1).  Upon discovery of the error the following year

the additional gain time was revoked under the same statute, which had not changed in

the intervening year.[3]  Only a rule in the Florida Administrative Code[4] was changed,

which amendment aligned the rule with both the statute and the DOC's prevailing

practice.  The amended administrative rule neither altered the definition of a crime nor

increased the punishment for a crime and, as a consequence, application of the

amended rule creates no unconstitutional, <u>ex</u> <u>post</u> <u>facto</u> effect.  <u>See</u> <u>Collins v.</u>

<u>Youngblood</u>, 497 U.S. 37, 41 (1990) ("Although the Latin phrase  '<u>ex</u> <u>post</u> <u>facto</u>' literally

encompasses any law passed 'after the fact,' it has long been recognized by this Court

that the constitutional prohibition on <u>ex</u> <u>post</u> <u>facto</u> laws applies only to penal statutes

which disadvantage the offender affected by them.").

---

[3]  Unlike either <u>Weaver v. Graham</u>, 450 U.S. 24 (1981), or <u>Raske v. Martinez</u>, 876 F.3d 1496 (11th Cir. 1989), which reject Florida's retroactive application of a revised statute that reduces the gain time inmates earn.

[4]  Rule 33-601.104(1)(a)(4), F.A.C.

Accordingly, Baldwin's amended petition for the writ of habeas corpus (Doc. 8) is

**DENIED**.  The clerk shall enter a judgment against Baldwin and close this case.

ORDERED in Tampa, Florida, on January 31, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE